**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **OMAR TREVOR STEVENSON,** | : |
| | : |
| Plaintiff, | : |
| | : CIVIL NO. 3:CV-05-1598 |
| v. | : |
| | : (CHIEF JUDGE VANASKIE) |
| **COMMONWEALTH OF PENNSYLVANIA, ET AL.,** | : |
| | : |
| Defendants. | : |

**M E M O R A N D U M**

## I. INTRODUCTION

Plaintiff, Omar Trevor Stevenson, a prisoner currently confined at the York County Prison, York, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of Fourth Amendment rights in connection with his June 24, 2005, arrest by Spring Township Police Officer Dony Harbaugh and other John Doe York County Police Officers. Named as defendants are the Commonwealth of Pennsylvania, York County Prison Warden Thomas Hogan, the York County Police Department, the Spring Garden Township Police Department, Office Dony Harbaugh, several John Doe Police Officers, the York County Hospital and Dr. Jane Doe of the York County Hospital.

Along with his complaint, plaintiff has submitted an application requesting leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is authorized to

dismiss a complaint brought *in forma pauperis* if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  For the reasons that follow, the motion to proceed *in forma pauperis* will be granted and his claims against the Commonwealth of Pennsylvania will be dismissed as legally frivolous.  Stevenson will be granted leave to file an amended complaint with respect to his claims against the Spring Garden Township and York County Police Departments, as well as the claims asserted against the York County Hospital and Dr. Jane Doe for alleged deliberate indifference to serious medical needs, the claims asserted against Officer Harbaugh and Warden Hogan in connection with the execution of a search warrant, and the malicious prosecution claim.  The remainder of Stevenson's Fourth Amendment claims of false arrest, false imprisonment, unlawful search, excessive force and unlawful seizure may proceed.

## II.    BACKGROUND

According to a Probable Cause Affidavit supplied by Stevenson in connection with his complaint, on June 24, 2005, at approximately 9:47 p.m., Officer Dony Harbaugh of the Spring Garden Township Police Department was called to the Quick 6 Beer Mart on the report of an armed robbery.  (Dkt. Entry 9.)  An off duty police officer who was in the store during the robbery reported that two black males had just robbed the store at gunpoint and then fled in a car driven by a third black male.  The off duty officer provided the license number of the getaway vehicle, which was later located by a York Area Regional Police officer.  After a

pursuit, the vehicle was stopped and all three occupants (including Plaintiff) fled on foot but were eventually arrested and taken into custody.

In his Complaint, Stevenson alleges that Officer Harbaugh and ten (10) John Doe officers of the York County Police Department beat him (and his co-defendants, Murray and Sanchez) when arresting him and charging him with robbery, criminal conspiracy, theft by unlawful taking, receiving stolen property, simple assault, recklessly endangering another person and false identification to law enforcement.  (Dkt. Entry 1.)  He was then taken to the York County Hospital Emergency room to be treated for injuries received during the assault: a concussion; bruises on his head, neck and ribs; and a gash on his right hand.  (Id.)  He was examined by Dr. John Doe and Nurse Jane Doe.[1]  He was given a tetanus shot and bandaged.  He was advised that the gash on his hand did not need stitches.  (Id.)  He was then released to the custody of the Spring Garden Township Police Department.  On June 25, 2005, Stevenson was given a video arraignment on various criminal charges before the Honorable District Justice Thomas.

Plaintiff was then transported to the York County Prison by Harbaugh and John Doe defendants.  He was seen by Nurse Loop and prescribed Tylenol for a period of seven (7)

---

[1]Although the caption for the Complaint identifies a "Dr. Jane Doe" as a Defendant, the body of the Complaint refers to a "Dr. John Doe" and a "Nurse Jane Doe."  Plaintiff's failure to identify alleged participants in the purported wrongs complicates analysis of the Complaint.  Plaintiff should attempt to identify those he claims abridged his constitutional rights.

days.  He was placed under "medical watch supervision" in the institution's segregated housing unit and monitored every hour due to his injuries.  (Id.)  On June 27, 2005, a York County Prison physician medically cleared Stevenson and released him to general population.  On July 3, 2005, Plaintiff was placed on a maximum security block where he suffered from continued pain from his injuries as well as nightmares and sleeplessness due to the alleged assault.  (Id.)  The following day Plaintiff awoke in the early morning hours due to unbearable pain in his right hand.  He was immediately given ibuprofen for his pain and  blood work was drawn.  He was then informed that the gash on his right hand was infected and "that the infection has spread to his bone."  (Id.)  He was prescribed antibiotics for a period of fourteen (14) days.  The next day Plaintiff reported to a John Doe York County Correctional Officer that he found blood stains on his sheet, left eyelid and forehead.  He was again seen by the medical staff, and after a brief exam, "the cause for bleeding was undetermined."  (Id.)  Plaintiff then submitted a medical request stip to see a "mental doctor" regarding his nightmares and other problems as a result of the alleged assault.  (Id.)

      After viewing the store's digital surveillance recording of the robbery, and interviewing eye witnesses, Officer Harbaugh determined that Plaintiff Stevenson had been in the store during the robbery and held a gun to the head of the store clerk.  (Dkt. Entry 9.)  In the course of executing a search warrant of the getaway car, law enforcement officers found blood, money from the store, a mask, and a ball-cap.  Based on these facts Officer Harbaugh

-4-

formulated an affidavit of probable cause to support his request for a search warrant to be granted for a blood sample from Plaintiff as well as for his clothing worn at the time of the robbery that had been secured in the York County Prison property room. (Id.)  On July 6, 2005, a Magistrate Judge, after finding probable cause, issued the search warrant. (Id.)  Upon Officer Harbaugh's arrival at the prison that day, Plaintiff was advised by York County Prison Warden, Thomas Hogan, that he had to comply with the search warrant or face disciplinary action. (Dkt. Entry 1.)  Stevenson was not given a copy of the Warrant or Affidavit of Probable Cause. Plaintiff requested the presence of an attorney while the officers obtained his personal belongings, but this request was denied by defendants. (Id.)

Stevenson seeks monetary damages from each of the defendants .

## III.    STANDARD OF REVIEW

A complaint filed *in forma pauperis* may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).  In applying these statutory screening requirements, a court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  See Eline v Milore, No. Civ.A. 3:05-1088, 2005 WL 1429845 at *1(M.D. Pa. 2005).  Thus, the truth of the plaintiff's factual allegations is assumed and viewed in the light most favorable to plaintiff. Gibson v. Superintendent of N.J. Dep't. of Law & Pub. Safety-Division, 411 F.3d 427, 431 (3d.

Cir.2005). The court must decide "whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Simon v. Cebrick, 53 F.3d 17, 19 (3d Cir. 1995). *Pro se* pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), and *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).

## IV.    DISCUSSION

### A.    Claims against York County Hospital and Dr. Jane Doe.

Stevenson was taken to the York County Hospital after his arrest and treated by a Dr. John Doe for a series of injuries. His complaint seeks recovery from a "Dr. Jane Doe" and the York County Hospital, apparently for deliberate indifference to his serious medical needs.

To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a "person" acting under color of state law, and (2) that the conduct deprived the Plaintiff of a right, privilege, or immunity security by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). The complaint does not plead any facts to indicate that either the York County Hospital or Dr. Jane Doe are state employees or act under color of state law in providing health care services. Accordingly,

-6-

he has not presented a viable civil rights claim against them.  See Carver v. Pyler, 115 Fed. Appx. 532, 538 (3d Cir. 2004), citing Pino v. Higgs, 75 F.3d 1461, 1466-67 (10th Cir.1996) (holding that a private emergency room physician was not acting under color of state law for purposes of a § 1983 action when he examined, detained and certified plaintiff for transport under New Mexico's commitment statute); see also, Nicastro v. Frankford Hospital, No. Civ. A. 03-CV-3937, 2004 WL 86658 (E.D. Pa. 2004).  Additionally, a claim of negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a § 1983 cause of action.  See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).  Finally, § 1983 liability may not be imposed on the basis of *respondeat superior* principles, so that York County Hospital cannot be held liable solely on the basis of the conduct of its physicians.  See Natale v. Camden County Correctional Facility, 318 F.3d 575, 578 (3d Cir. 2003).  Therefore, the § 1983 claims against the York County Hospital and Dr. Jane Doe are subject to dismissal.  Plaintiff, however, will be given an opportunity to amend his complaint if he is able to allege in good faith that Dr. Jane Doe is a state employee who acts under color of state law and that York County Hospital (a) is a state entity such that it acts under color of state law, and (b) that it had some policy or custom that caused the alleged deliberate indifference to serious medical needs.

        **B.**      **Claims against the York County and Spring Garden Township Police Departments.**

A municipality is liable under § 1983 only when a plaintiff can demonstrate that

the municipality itself, through the implementation of a policy or custom causes a constitutional violation. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-95 (1978). There is no liability unless the policy or custom complained of itself violates the Constitution or when that policy, which may not be unconstitutional itself, is the "moving force" behind the constitutional tort of one of the employees of a municipality. Polk County v. Dodson, 454 U.S. 312 (1981). Liability for a municipality cannot be based on the theory of *respondeat superior* or any type of vicarious liability theory. Monell, 436 U.S. at 693-94. The municipality can only be liable if the city caused an employee to violate the constitutional rights of an individual through either an official policy or a well-settled custom. Id.; see also Boatner v. Hinds, 137 Fed. Appx. 499 (3d Cir. 2005)("A government entity may be liable for the actions of its employees only if the plaintiff identifies a policy or custom that amounts to deliberate indifference to individual rights").

Nothing in the facts alleged by Plaintiff suggests an official policy to use excessive force in arrest. Accordingly, Plaintiff has failed to present a viable claim against the municipal defendants. Plaintiff, however, will also be granted leave to file an amended complaint as to this claim.

   **C.**  **Claims against the Commonwealth of Pennsylvania**.

It is well settled that the Commonwealth of Pennsylvania is not a "person" as that term is used in § 1983, and therefore, is not subject to § 1983 suit. Hafer v. Melo, 502 U.S. 21,

-8-

25-27 (1991).  Additionally, the Commonwealth of Pennsylvania is immune from suit in federal court under the Eleventh Amendment.  Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 238 (3d Cir.2005).  The Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment.  42 Pa.C.S.A. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Therefore, Plaintiff's § 1983 claims against the Commonwealth of Pennsylvania are legally frivolous and will be dismissed.

### D. Stevenson's Claims of Malicious Prosecution.

Stevenson makes the general allegation that the defendants engaged in malicious prosecution when they arrested him for robbery, criminal conspiracy, theft by unlawful taking, receiving stolen property, simple assault, reckless endangerment of another person and false identification to law enforcement.  (Dkt. Entry 1.)  Yet, Plaintiff presents no facts to support such a claim.  To succeed on a malicious prosecution claim under 42 U.S.C. § 1983, Stevenson must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the proceeding was instituted without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing him to justice; and (5) he suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.  See DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir.2005),

citing, Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir.2003)(stating without discussion that plaintiff needs to prove common law elements of malicious prosecution to succeed under § 1983 claim for malicious prosecution under Fourth Amendment).  This claim fails for the simple reason that the Complaint does not allege whether the criminal proceedings have terminated in Stevenson's favor.

### E. Claims Against York County Prison Warden Hogan and Officer Harbaugh Related to the Execution of the Search Warrant for a Blood Sample and Clothing.

The search warrant in question was authorized by a District Justice upon the submission of Officer Harbaugh's Affidavit of Probable Cause.  (See Dkt. Entry 9.)  Warden Hogan allegedly advised Spencer that if he did not comply with the search warrant he would face disciplinary action.  (Dkt. Entry 1.)    Plaintiff also alleges a claim of unlawful seizure with respect to his blood and clothing.

An "action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages."  Hamilton v. Leavy, 322 F.3d 776, 782-83 (3d Cir.2003); see also Boatner v. Hinds, 137 Fed.Appx. 499, 502 (3d Cir. 2005).  Officer Harbaugh was acting pursuant to a facially valid warrant to obtain from Plaintiff a blood sample and Plaintiff's clothing.  Absent additional averments that the warrant was procured through knowingly false statements, or that the Warden acted improperly in telling Plaintiff that he had to comply, no viable section 1983 claim is presented.

### F. Stevenson's Fourth Amendment claims against Officer Harbaugh and John Doe Officers.

Stevenson alleges that on June 24, 2005, he was "arrested and brutally beaten down by" Officer Harbaugh and ten other John Doe Officers. (Dkt. Entry 1.) He claims his property, business and residence were searched without his consent. (Id.) These claims (false arrest, false imprisonment, unlawful search, excessive force, and unlawful seizure) are cognizable under the Fourth Amendment and may proceed. Gibson v. Superintendent of N.J. Dep't. of Law & Pub. Safety-Division, 411 F.3d 427, 436 (3d. Cir. 2005); Heck v. Humphrey, 512 U.S. 477, 487 n.7 (1994).

## V. Conclusion.

Plaintiff's claims against the Commonwealth of Pennsylvania are legally frivolous. As Stevenson does not have a cause of action under § 1983 as to the Commonwealth of Pennsylvania, allowing him to amend the Complaint as to it would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir.2002). However, the same cannot be said for Stevenson's § 1983 claims against the York County Hospital and Dr. Jane Doe, his claim against the York County and Spring Garden Township Police departments, his claim of malicious prosecution, or his Fourth Amendment claims relating to the execution of the search warrant. Stevenson may file an Amended Complaint as to these matters. The remainder of Stevenson's Fourth Amendment claims for false arrest, false imprisonment, unlawful search, excessive force, and unlawful seizure may proceed.

Stevenson is cautioned that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992). Thus, he must not only amend his claims with respect to the health care Defendants, the local police departments and law enforcement officials, he must also reassert his surviving claims against Officer Harbaugh and the other John Does. His failure to file an appropriate Amended Complaint will result in the Court proceeding with the surviving claims as identified in this Memorandum and the dismissal of those claims found to be deficient as currently presented pursuant to 28 U.S.C. § 1915.

An appropriate order follows.

> **s/ Thomas I. Vanaskie**
> Thomas I. Vanaskie, Chief Judge
> Middle District of Pennsylvania

# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

**OMAR TREVOR STEVENSON,**          :
                                    :
        **Plaintiff,**                    :
                                    :
                                           : **CIVIL NO. 3:CV-05-1598**
       **v.**                            :
                                    : **(CHIEF JUDGE VANASKIE)**
**COMMONWEALTH OF PENNSYLVANIA,**   :
**ET AL.,**                         :
                                    :
        **Defendants.**                  :

## O R D E R

**AND NOW**, **THIS 22nd DAY OF FEBRUARY, 2006**, for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT**:

1. The motion to proceed in forma pauperis (Dkt. Entry 5) is construed as a motion to proceed without full prepayment of fees and costs and the motion is GRANTED.

2. The Commonwealth of Pennsylvania is **DISMISSED**.

3. Plaintiff is GRANTED leave to amend the Complaint with respect to the claims against York County Hospital, Dr. Jane Doe, the York County Police Department and the Spring Garden Township Police Department, as well as the claim of malicious prosecution and unlawful search arising out of the execution of the search warrant.

4. Plaintiff shall file an amended complaint on or before March 13, 2006.

    5.    Failure to amend the Complaint will result in the Court proceeding on the Complaint as filed and the identified deficient claims will be dismissed pursuant to 28 U.S.C. § 1915(e).  Service of process as to the surviving claims will be deferred until after Plaintiff files an amended complaint or notifies the Court that he does not intend to do so.

                                       **s/ Thomas I. Vanaskie**
                                       Thomas I. Vanaskie, Chief Judge
                                       Middle District of Pennsylvania